**Patrick C. HICKEY, Petitioner–Appellant,**

v.

**UNITED STATES of America, Respondent–Appellee.**

**No. 03–6020.**

United States Court of Appeals, Sixth Circuit.

March 18, 2004.

Before BATCHELDER and GIBBONS, Circuit Judges; and COHN, District Judge.*

## ORDER

Patrick C. Hickey appeals a district court judgment that denied his petition for

a writ of error coram nobis filed under 28 U.S.C. § 1651. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 1998, Hickey was indicted on five counts of income tax evasion and two counts of making false statements. Hickey moved the district court to suppress evidence obtained by the Internal Revenue Service (IRS). Following an evidentiary hearing, the magistrate judge recommended that the motion to suppress be denied in early 1999, and Hickey filed objections. On February 9, 1999, Hickey moved the district court for a rearraignment so that he could enter a guilty plea pursuant to a plea bargain agreement. Also on February 9, 1999, the district court adopted the magistrate judge's recommendation and denied Hickey's motion to suppress. Subsequently, Hickey pleaded guilty to a single count of income tax evasion and was sentenced to serve eight months of imprisonment, eight months of home incarceration, three years of supervised release, and to pay restitution. Hickey did not appeal his conviction or sentence. Hickey served his sentence, paid restitution and was discharged from supervision on July 30, 2002.

Subsequently, Hickey filed his petition and an amended petition for a writ of error coram nobis by counsel, asserting as grounds for relief that evidence withheld from the defense by the government shows that an IRS civil investigator improperly collaborated with an IRS criminal investigator before Hickey's case was referred for a criminal investigation. After the parties filed several pleadings, the magistrate

* The Honorable Avern Cohn, United States District Judge for the Eastern District of Michigan, sitting by designation.

judge recommended that Hickey's petition be denied. Over Hickey's objections, the district court adopted the magistrate judge's recommendation and denied the petition. The district court denied Hickey's timely Fed.R.Civ.P. 59(e) motion, and Hickey filed a timely notice of appeal pro se.

On appeal, Hickey is proceeding pro se and reiterates his contention that new evidence previously withheld warrants coram nobis relief. The government responds that the district court properly denied Hickey's petition. Upon de novo review, *see Blanton v. United States,* 94 F.3d 227, 230 (6th Cir.1996), we will affirm the district court's judgment for the reasons stated in the magistrate judge's report and recommendation filed March 28, 2003, and adopted by the district court in its judgment filed June 16, 2003.

Essentially, Hickey contends that the IRS violated his constitutional rights and its regulations when it developed its criminal case against him in the guise of a civil investigation even after the civil investigation had uncovered firm evidence of fraud. *See United States v. McKee,* 192 F.3d 535, 541–42 (6th Cir.1999). Hickey contends that his claim is bolstered by a new rule of law enunciated in this court's opinion in *McKee,* in which this court stated that a taxpayer could show a violation of her constitutional rights by showing that an IRS agent violated IRS regulations requiring suspension of a civil investigation after firm indications of fraud are uncovered. *Id.* at 542 & n. 5. However, this court's opinion in *McKee* was filed over two weeks before Hickey was sentenced in this case and was available to him on direct appeal or by motion to vacate sentence under 28 U.S.C. § 2255. Thus, *McKee* is not a new rule of law in this case.

Moreover, the district court correctly concluded that the evidence of record does not support Hickey's contention that IRS agents developed its criminal case against him in the guise of a civil investigation even after the civil investigation had uncovered firm evidence of fraud. Under these circumstances, the district court properly denied Hickey's petition for a writ of error coram nobis. *See Blanton,* 94 F.3d at 231; *Flippins v. United States,* 747 F.2d 1089, 1091 (6th Cir.1984).

For the foregoing reasons, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.